**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


Obed Alvarado Merced

   v.                                     Civil No. 15-cv-313-PB

Warden Esker L. Tatum, Jr.,
Federal Correctional Institution,
Berlin, New Hampshire


**REPORT AND RECOMMENDATION**


Obed Alvarado Merced, a prisoner at the Federal
Correctional Institution in Berlin, New Hampshire ("FCI-
Berlin"), has filed a petition for a writ of habeas corpus (doc.
no. 1), pursuant to 28 U.S.C. § 2241, challenging his transfer
to FCI-Berlin by the Bureau of Prisons.  The matter is before
this magistrate judge for preliminary review, to determine
whether the petition is facially valid and may proceed.  See
Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254
Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254
Rules to § 2241 petitions); LR 4.3(d)(4)(A).


**Standard**

In undertaking § 2254 Rule 4 preliminary review, this court
decides whether the petition contains sufficient factual matter,
accepted as true, to state a facially valid claim to relief that
is cognizable in a federal habeas action.  See McFarland v.

Scott, 512 U.S. 849, 856 (1994).  When a habeas petitioner is

proceeding pro se, the assertions contained in the petition are

construed liberally.  See Erickson v. Pardus, 551 U.S. 89, 94

(2007) (per curiam).

## Discussion

### I.   Claims

Alvarado Merced asserts that his transfer to FCI-Berlin

violated his right to due process and involved discrimination

and unprofessional conduct.  He seeks habeas relief on those

claims.[1]

### II.  Due Process Claim

Alvarado Merced asserts that, prior to his transfer to FCI-

Berlin – a medium security facility - he was held in a different

medium security prison.  Alvarado Merced asserts he was "led to

believe" he would be transferred to a lower security level

institution, as he has "low custody points."  Alvarado Merced

_____

[1]For purposes of preliminary review, the court assumes,
without deciding, that Alvarado Merced's claims are
appropriately raised in a § 2241 petition.  See Muniz v. Sabol,
517 F.3d 29, 33-34 (1st Cir. 2008) (section 2241 granted federal
courts jurisdiction over habeas petitions filed by federal
prisoners challenging BOP's implementation of rules that delayed
their transfers to community corrections centers).  Had Alvarado
Merced's claims been raised in a civil rights case, they would
fare no better as Alvarado Merced has failed to plead sufficient
facts to show any violation of his federal rights.

alleges that he did not receive a hearing or other due process prior to his transfer to FCI-Berlin.

To establish that his due process rights have been violated, Alvarado Merced must demonstrate that he has suffered a deprivation of a protected liberty interest.  A federal prisoner has no constitutionally protected interest in his place of confinement, see Olim v. Wakinekona, 461 U.S. 238, 250 (1983), or in a particular security classification.  See Meachum v. Fano, 427 U.S. 215, 224 (1976); see also Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976).  Federal law, 18 U.S.C. § 3621(b), requires individualized determinations of inmate circumstances, see Muniz v. Sabol, 517 F.3d 29, 36 (1st Cir. 2008), while affording "the BOP wide discretion to choose any 'appropriate and suitable' facility, 'considering' five factors," broadly categorized as "the facility, the offense, the prisoner, any statement of the sentencing court, and any pertinent policy statement issued by the Sentencing Commission," id. at 32. "[T]he BOP 'may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.'"  Id. (quoting 18 U.S.C. § 3621(b)).

Alvarado Merced has not alleged facts showing that his transfer violated his rights under any federal law or otherwise

deprived him of a protected liberty interest.  Accordingly,

Alvarado Merced's due process claim should be dismissed.

## III.  Discrimination and Unprofessionalism Claims

Alvarado Merced states that he was "discriminated against

and handled unprofessionally."  Alvarado Merced has failed to

state any facts to support these claim, and the court does not

credit bald, conclusory assertions of an equal protection

violation.  The discrimination and unprofessionalism claims

should be dismissed for failing to state viable claims.


## Conclusion

For the foregoing reasons, Alvarado Merced's petition

should be dismissed.  Any objections to this Report and

Recommendation must be filed within fourteen days of receipt of

this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file

objections within the specified time waives the right to appeal

the district court's order.  See Garayalde-Rijos v. Mun. of

Carolina, 747 F.3d 15, 21-22 (1st Cir. 2014).


_Andrea K. Johnstone_
Andrea K. Johnstone
United States Magistrate Judge

March 14, 2016
cc:  Obed Alvarado Merced, pro se